**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| KEITH M. RAML, | ) |
| | ) |
| Plaintiff, | ) |
| | )   8:08CV419 |
| vs. | ) |
| | )   ORDER |
| CREIGHTON UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

    This matter is before the court on the Motion for Protective Order (Doc. 50) filed by Creighton University on behalf of ifs President, Rev. John Schlegel, S.J.  The court has considered the parties' written arguments and evidentiary materials (Docs. 50, 51, 52, 54, 55, 57 & 58) and finds that plaintiff should be allowed to conduct the deposition, subject to certain conditions.

**BACKGROUND**

    Plaintiff was employed by defendant, Creighton University ("Creighton"), as a sous chef/cook working in the Jesuit Community Kitchens.  His employment was involuntarily terminated on November 9, 2005.  Plaintiff alleges that Creighton unlawfully discriminated against him on the basis of age and disability, failed to reasonably accommodate him, and retaliated against him for bringing a workers' compensation claim.  Plaintiff, who was over 40 years old, was first demoted and then replaced by Michael Kult, who was under 40 years of age.

    Defendant denies that plaintiff suffered from a disability.  Defendant alleges that plaintiff's employment was terminated "as a result of his inability to maintain a professional demeanor and interact appropriately in the workplace."

    Plaintiff was directly supervised by Fr. William Gerut (see, e.g., Doc. 52 at p. 9/27); however, plaintiff has presented evidence that Fr. Gerut reported directly to Fr. Schlegel about the plaintiff's performance at work (Doc. 55 at p. 6/28).  Four days prior to plaintiff's termination, Fr. Gerut corresponded with Fr. Schlegel to obtain permission to waive the posting requirement for plaintiff's former position as Senior Chef so that he could immediately offer the position to Mr. Kult. (Doc. 55 at p. 16/28).  Creighton's grievance committee also reported directly to Fr. Schlegel about its investigation of plaintiff's allegations (Doc. 55 at p. 15/28), and a member of the committee testified at her deposition that Fr. Schlegel retained the ultimate authority to direct that an action be taken with respect

to an employee grievance. The November 9, 2005 memorandum terminating plaintiff's employment was signed by Fr. Gerut and Bill Hill. (Doc. 52 at p. 14/27). Fr. Schlegel states by affidavit (Doc. 52 at pp. 3-4/27) that, although he reviewed and approved the actions of the grievance committee, he was not involved in the decision to terminate plaintiff's employment.

Plaintiff wishes to depose Fr. Schlegel in this matter. Creighton requests that this "apex deposition" be prohibited due to Fr. Schlegel's congested schedule and his lack of personal knowledge of facts relevant to this lawsuit. In the alternative, Creighton asks that the deposition be postponed until plaintiff demonstrates that he is unable to obtain all relevant information from other witnesses.

## LEGAL ANALYSIS

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

All discovery is subject to the limitations imposed by Rule 26(b)(2), and the court must limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ..." "Rule 26(c) confers broad discretion on the trial court to decide when

a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The matter of the "apex deposition" was thoughtfully discussed in *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118 (D. Md. 2009). Rule 26(c) requires a the moving party to demonstrate "good cause."

> [C]ourts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause. This recognizes that the existence of good cause for a protective order is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action.
>
> .... Thus, the standard for issuance of a protective order is high. A motion seeking to prevent the taking of a deposition is regarded unfavorably by the courts, and it is difficult to persuade a court to do so. *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) ("By requesting the Court to prohibit plaintiff from deposing a witness, defendant Darkprint assumes a heavy burden because protective orders which totally prohibit a deposition should be rarely granted absent extraordinary circumstances.") (internal citations omitted); *see also SEC v. SBM Investment Certificates, Inc.*, 2007 WL 609888 (D. Md. Feb. 23, 2007) (recognizing courts' general disfavor for completely prohibiting depositions).

*Minter*, 258 F.R.D. at 124-125 (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2035 (2d ed. 2009)).

"[T]he apex deposition rule is intended to protect busy, high-level executives who lack unique or personal knowledge," and "is bottomed on the apex executive lacking *any* knowledge of relevant facts." 258 F.R.D. at 126 (emphasis in original). As in this case, the defendant in *Minter* argued that the court should issue a protective order when litigants attempt to depose high-ranking executives "who have no personal knowledge of the subject matter of the litigation." *Id*. at 125. The court observed,

> A witness cannot escape examination by claiming that he has no knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test his lack of knowledge, but a different result is sometimes reached when the proposed deponent is a busy

government official, or a very high corporate officer unlikely to have personal familiarity with the facts of the case.

*Id.* (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2037 (2d. 2009) (internal citations omitted)).

Even assuming that Fr. Schlegel was not involved in the decision to terminate plaintiff's employment, the termination is but one issue in this case. The court finds and concludes that Fr. Schlegel is likely to possess information that is relevant to the parties' claims and defenses and discoverable under Rule 26(b)(1). The plaintiff is entitled to test Fr. Schlegel's professed lack of knowledge

That said, the plaintiff is admonished to strictly limit his subjects of inquiry to facts relevant to resolving the legal issues presented in this case.[1] In his brief, plaintiff states that he wishes to depose Fr. Schlegel on the topic of Fr. Schlegel's injuries suffered in a biking accident and "why his personal injury and admitted impatience and distractions should be different than the Plaintiff's." (Doc. 54 at p. 3/9). The plaintiff may not depose Fr. Schlegel on this topic, as it is not relevant to the parties' claims and defenses. The plaintiff is also forbidden to interrogate Fr. Schlegel about his religious beliefs. Finally, considering Fr. Schlegel's schedule, his deposition shall be limited to **two hours** and shall be scheduled at a mutually convenient time between today's date and December 1, 2009.

**IT IS SO ORDERED.**

**DATED October 15, 2009.**

                                **BY THE COURT:**

                                s/ F.A. Gossett
                                **United States Magistrate Judge**

---

[1] An admonition appears necessary after reviewing the excerpts of plaintiff's deposition of Rev. Richard Hauser, S.J. (Doc. 59 at pp. 9-17/28) offered in support of Creighton's reply brief.