IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH M. RAML, | ) | CASE NO. 8:08CV419 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CREIGHTON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Statement of Appeal of Magistrate Judge's Order (Filing No. 65). Defendant Creighton University ("Creighton") objects to the Order of Magistrate Judge F.A. Gossett (Filing 60), granting in part and denying in part Creighton's Motion for Protective Order (Filing No. 50) and allowing the Plaintiff Keith M. Raml to take the deposition of Creighton President, Fr. John Schlegel, S.J., with certain limitations.

"A district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's nondispositive] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Creighton argues that Judge Gossett's Order was clearly erroneous or contrary to law because (1) he found that Fr. Gerut reported to Fr. Schlegel regarding Raml's work performance; (2) he allowed Fr. Schlegel to be questioned concerning his approval of a job posting waiver for the senior chef position; and (3) he allowed Fr. Schelgel to be questioned concerning the denial of Raml's post-termination grievance.

Regarding Fr. Gerut's alleged reporting to Fr. Schlegel concerning Raml's work performance, the Magistrate Judge's Order refers to "Doc. 55 at p. 6/28," a memorandum by Fr. Gerut directed to no apparent recipient. The Plaintiff's Index of Evidence describes

the document as a memorandum by Fr. Gerut directed to Fr. Schlegel. (Filing No. 55, p.1). While the Magistrate Judge's description of this document as "evidence that Fr. Gerut reported directly to Fr. Schlegel about the plaintiff's performance at work," is tenuous, it is not clearly erroneous. Regarding the questioning of Fr. Schlegel about his approval of a job posting waiver for the senior chef position and his denial of Raml's post-termination grievance, such questions may be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b)(1). Accordingly, the Court cannot conclude that the Magistrate Judge's Order was clearly erroneous or contrary to law in any of these respects.

Finally, Creighton asks that, if the deposition of Fr. Schlegel is permitted, it be limited to one hour. The Court acknowledges the many demands on Fr. Schlegel's time, and the inconvenience of a deposition. The Court cannot conclude, however, that the Magistrate Judge's Order permitting a deposition not to exceed two hours in length was clearly erroneous, contrary to law, or unreasonable.

IT IS ORDERED:

1. The Defendant Creighton University's Statement of Appeal of Magistrate Judge's Order (Filing No. 65) is denied.

Dated this 17th day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court